UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BZ CLARITY TENT SUB LLC, d/b/a BASE ENTERTAINMENT,<br><br>　　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>ROSS MOLLISON INTERNATIONAL PTY, LTD.,<br><br>　　　　　　　　　　Defendant(s). | Case No. 2:15-CV-1065 JCM (CWH)<br><br>ORDER |

Presently before the court is plaintiff BZ Clarity Tent Sub LLC, dba BASE Entertainment's ("BASE") motion for preliminary injunction. (Doc. # 6). Defendant Ross Mollison International Party, Ltd ("RMP") filed a response (doc. # 9), and plaintiff filed a reply (doc. # 12).

The parties are familiar with the facts and procedural history of this case and the court need not repeat them in detail here.

On June 19, 2015, the court held a hearing regarding plaintiff's motion for preliminary injunction. (Doc. # 14). The court granted plaintiff's motion for preliminary injunction from the bench and ordered plaintiff to prepare a proposed order for the court. (Doc. # 14).

On June 26, 2015, plaintiff submitted a proposed order. (Doc. # 19). On the same day, defendant objected to plaintiff's proposed order and filed its own proposed order. (Doc. # 20).

The court has reviewed the parties' submissions. The court hereby finds that:

1. This court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a).
2. This court has personal jurisdiction over the defendant because it conducts business in this district, is a co-producer of a live stage production within this district at central issue in this lawsuit, and has voluntarily removed the instant litigation to this court.

**James C. Mahan**
**U.S. District Judge**

3. Pursuant to the Production Agreement, as amended (the "Agreement"), Plaintiff BASE and Defendant RMP agreed to be co-producers of the successful "Absinthe" live performance show at Caesar's Palace in Las Vegas, which governs the obligations of the parties.

4. On April 29, 2015, RMP unilaterally announced and implemented its own ticketing system for the Absinthe (the "ShoWare System") and directed traffic from the Absinthe website away from its existing Ticketmaster system and toward the ShoWare System.

5. Under the Agreement, any new ticketing system required the express mutual consent and approval of both BASE and RMP, as it states that "RMP will only enter into contracts for the Production with the written approval of a BASE Co-CEO . . . ."

6. On June 5, 2015, RMP attempted to unilaterally rescind the Agreement and sought to remove BASE from any involvement with Absinthe.

7. BASE is likely to suffer irreparable harm if the ShoWare System remains operational as it puts in place two independent and non-coordinating ticketing systems, potentially selling the same seats for the same performances, which would lead to consumer confusion and loss of goodwill. RMP's ShoWare System also interferes with Absinthe's existing contractual relationships, including with Ticketmaster.

8. BASE is likely to suffer irreparable harm if it is forced out of its connection to Absinthe based on RMP's decision, without a court order, that the Agreement has been rescinded.

9. BASE has demonstrated a likelihood of success on the merits of its breach of contract claim.

10. The balance of hardships tips in favor of BASE because issuance of a preliminary injunction would merely retain the status quo throughout the pendency of this litigation and permit Absinthe to operate pursuant to the terms of the Agreement, as it has since the inception of the show.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

Accordingly,

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that BASE's motion for preliminary injunction (doc. # 6) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that RMP will refrain from any further operation of the ShoWare System for Absinthe tickets.

IT IS FURTHER ORDERED that RMP shall immediately provide BASE with all information or data regarding tickets already sold through the ShoWare system, so that such tickets can be honored, refunded, or exchanged under the existing ticketing system through Ticketmaster and that any duplications may be promptly rectified.

IT IS FURTHER ORDERED that RMP shall immediately provide BASE with an accounting of any and all funds received from tickets already sold through the ShoWare system, so that such funds may be properly credited and distributed pursuant to the terms of the Agreement.

IT IS FURTHER ORDERED that the status quo shall be maintained and the parties shall continue to operate the Absinthe show in accordance with the terms of the Agreement;

IT IS FURTHER ORDERED that BASE shall post a bond of ten thousand dollars ($10,000.00).

DATED June 29, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**