1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BZ CLARITY TENT SUB LLC,

Plaintiff,

v.

ROSS MOLLISON INTERNATIONAL PTY, LTD,

Defendant.

Case No. 2:15-cv-01065-JCM-CWH

ORDER

Presently before the court is plaintiff BZ Clarity Tent's second motion to amend the complaint. (Doc. #36). Defendant Ross Mollison International filed a response in opposition, (doc. #40), and plaintiff filed a reply. (Doc. #42). Plaintiff also filed an emergency motion requesting that the court grant the second motion to amend. (Doc. #43).

Also before the court is plaintiff's previously filed first motion to amend the complaint. (Doc. #26). Defendant filed a response (doc. #29), and plaintiff filed a reply. (Doc. #30).

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." The Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, 371 U.S. 178 (1962), the Court explained: "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" *Id.* at 182. The local rules of federal practice in the District of Nevada require that a party submit a proposed, amended pleading along with a motion to amend. D. Nev. R. 15-1(a).

Local Rule 26-1(e)(2) states that, unless otherwise provided, the date to file a motion to amend the pleadings "shall not be later than ninety (90) days prior to the close of discovery." L.R. 26-1(e)(2). Because discovery has been extended until June 2, 2016, plaintiff filed its second motion to amend before the deadline provided by the court's scheduling order and Local Rule 26-1(e)(2).

Plaintiff seeks leave of the court to file an amended complaint adding three entities and claims for misrepresentation and anticipatory repudiation and has attached its proposed, amended complaint to this motion in compliance with D. Nev. R. 15-1(a). (Doc. # 36-1). Defendant asserts that the addition of defendant Foster Mollison Entertainment, LLC ("FME") would destroy diversity. (Doc. #40). Plaintiff agreed, removed FME, and attached a revised second amended complaint to its reply brief. (Doc. #42, Exh. A).

Defendant's remaining objections do not suggest any undue delay, bad faith, or dilatory motive on the part of the plaintiff, rather they attack the substance of the amended complaint. Once plaintiff files its amended complaint, defendant may raise the motions or arguments it deems necessary to defend against these claims, but they shall not be addressed in this order.

Plaintiff argues that information obtained during ongoing discovery has made clear that the addition of these claims and defendants is appropriate. It is also evident to the court that no party will suffer prejudice if this motion is granted, as all parties will be placed in the position they would have been in had they been named in the original complaint.

Therefore, in consideration of the liberal rule 15(a) standard, the court finds that the plaintiff's motion to amend its complaint has not been made in bad faith, will not cause undue delay or prejudice, and presents cognizable legal arguments. Additionally, the court finds there is good cause to allow plaintiff to amend its complaint.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the plaintiff's second motion to amend (doc. #36) be, and the same hereby is, GRANTED consistent with the foregoing.

IT IS FURTHER ORDERED that the plaintiff shall file an amended complaint identical to that attached to the reply to the second motion to amend (doc. #42, Exh. A) within three (3) days

of the entry of this order.

IT IS FURTHER ORDERED that plaintiff's first motion to amend (doc. #26) and its emergency motion requesting that the court grant the second motion to amend (doc. #43) are DENIED as moot.

DATED THIS 4th day of April 2016.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE