UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BZ CLARITY TENT SUB LLC, d/b/a BASE ENTERTAINMENT,<br><br>          Plaintiff(s),<br><br>     v.<br><br>ROSS MOLLISON INTERNATIONAL PTY, LTD.,<br><br>          Defendant(s). | Case No. 2:15-CV-1065 JCM (CWH)<br><br>ORDER |

Presently before the court is plaintiff BZ Clarity Tent Sub LLC's ("BASE") emergency motion to remand this case to state court for lack of subject matter jurisdiction. (ECF No. 77). Defendants Ross Mollison International Pty, Ltd. ("RMP"), Spiegelworld Absinthe, LLC, and Wormwood Industries, LLC filed a response (ECF No. 78), and plaintiff filed a corresponding reply (ECF No. 79).

**I.     Background**

BASE and RMP deal with one another in the course of producing "the Absinthe live-performance show at Caesars Palace Las Vegas." (ECF No. 1 at 3). BASE first filed a May 4, 2014, complaint in the District Court of Clark County, Nevada, asserting five claims for relief (1) breach of contract; (2) declaratory relief; (3) intentional interference with contractual relations; (4) breach of the covenant of good faith and fair dealing; and (5) accounting. (ECF No. 1-2 at 9–13). Relevantly, in that complaint, BASE represented that it was "a Delaware limited liability company, with a primary place of business in Houston, Texas" and alleged that RMP was "an Australian business entity with a primary place of business in Las Vegas, Nevada." *Id.* 1-2 at 4.

RMP removed this case from the District Court of Clark County, Nevada to this court on June 5, 2015. (ECF No. 1). Asserting diversity jurisdiction, RMP claimed that it was "an Australian Business entity, headquartered in New York," BASE was a "Delaware limited liability

**James C. Mahan**
**U.S. District Judge**

company, headquartered in Houston, Texas," the parties were completely diverse pursuant to 28 U.S.C. § 1332, and over $75,000 was in controversy. *Id.* at 3.

On May 4, 2016, defendants filed a motion to dismiss plaintiff's first amended complaint, asserting, *inter alia*, that this court does not have subject matter jurisdiction to consider certain claims against newly added defendants, Spiegelworld Absinthe, LLC and Wormwood Industries, LLC. (ECF No. 55). In this motion against plaintiff—who RMP acknowledges is a limited liability company ("LLC") (ECF No. 16 at 2)—defendants state "[f]or the purpose of determining whether complete diversity exists, 'an LLC is a citizen of every state of which its owners/members are citizens.'" *Id.* at 12. This motion is currently pending.

BASE filed a motion for preliminary injunction on March 31, 2016. (ECF No. 44). It requested that "RMP and its affiliates . . . take no action to stop the show or cancel the lease, and . . . that the terms of the production agreement continue to govern the conduct of the parties." (ECF No. 76 at 5). However, this court denied that motion on June 28, 2016, finding that "BASE ha[d] not satisfied the requirements for issuance of a preliminary injunction." (ECF No. 76 at 11).

Three days after this court denied plaintiff's request for injunctive relief—but eight days after defendants submitted their reply in support of their motion to dismiss—BASE filed an emergency motion to remand this case to state court. (ECF. No. 77). In this motion, plaintiff contends that it is a citizen of New York, all defendants are also citizens of New York, and this court therefore lacks subject matter jurisdiction based on a lack of complete citizenship. (ECF No. 77 at 2).

Additionally, defendants filed a countermotion to vacate plaintiff's motion to remand ("countermotion") on July 18, 2016. (ECF No. 82). Plaintiff filed a response (ECF No. 84) on August 4, 2016, and defendants have not filed a reply in support of their countermotion.

**II.    Legal Standard**

Under 28 U.S.C. § 1441(a), "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of subject matter jurisdiction. 28 U.S.C. § 1447(c); *see also Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 988 (D. Nev.

**James C. Mahan**
**U.S. District Judge**

- 2 -

2005). Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal was proper by a preponderance of evidence." *Knutson*, 358 F. Supp. 2d at 988 (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus*, 980 F.2d at 567).

An action filed in state court may be removed to federal court only if the federal court would have had original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). This court has original subject matter jurisdiction over two types of cases. First, pursuant to 28 U.S.C. § 1331, this court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Second, pursuant to its diversity jurisdiction, the court may preside over suits between citizens of different states where the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a)

"[T]he party asserting diversity jurisdiction bears the burden of proof." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). "In ruling on a challenge to subject matter jurisdiction, the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). The citizenship requirement for subject matter jurisdiction based on diversity of parties is determined "as of the time the lawsuit is filed." *See Lew*, 797 F.2d at 750; *Carter v. McConnel*, 576 F. Supp. 556, 557 (D. Nev. 1983).

**III. Discussion**

   *a. Jurisdiction and Equity*

The defendants' response to plaintiff's motion to remand questions that motion's temporal proximity to this court's order denying plaintiff injunctive relief. (ECF No. 78 at 2). Defendants' countermotion also presents this concern. (*See* ECF No. 82). However, such considerations are not part of the jurisdictional analysis. Instead, "lack of jurisdiction may be considered by the court, at any stage of the proceedings." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979) (considering the existence of jurisdiction for a removed case on appeal). Indeed, "[a] review of the federal court's jurisdiction is a threshold question which must be answered prior to the disposition of each case before it." *Id.*

**James C. Mahan**
**U.S. District Judge**

- 3 -

Even "a disappointed plaintiff" may challenge a federal court's jurisdiction at any point during litigation proceedings. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 595 (9th Cir. 1996). Further, "questions of time, cost, and efficiency do not undergird jurisdiction. Nor is jurisdiction a question of equity—a court lacking jurisdiction to hear a case may not reach the merits even if acting 'in the interest of justice.'" *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 807 (9th Cir. 2001) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988)). Therefore, this court must decide, before proceeding on other matters in this case, whether it has jurisdiction.

b. *Jurisdiction and Mutual Agreement*

As another initial matter, defendants state in their countermotion that the production agreement between BASE and RMP states that "[t]he Parties hereby agree that any action and/or proceeding in connection with this Agreement shall ***only*** be brought in the federal courts located in Las Vegas, Nevada." (ECF No. 82 at 3). However, "parties cannot stipulate to jurisdiction where none exists[,]" and federal courts have an ongoing obligation to ensure that federal jurisdiction is proper. *See e.g.*, *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Thus, this contract clause has no impact on the court's jurisdictional analysis.

c. *Pleadings*

Although a notice of removal requires that a defendant allege facts indicating diversity instead of proving those facts, this requirement regardless mandates a consideration of the parties' citizenship. *See Kanter v. Warner-Lambert Co.* 265 F.3d 853, 857 (9th Cir. 2001). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Id.* (discussing diversity jurisdiction's relation to removal). Further, a party's citizenship, not the locations where it has a presence, is the critical allegation in a removal petition. *See id.* (describing the difference between citizenship and residence for 28 U.S.C. § 1332).

Here, BASE asserts in its original state court complaint that it is a "Delaware limited liability company, with a primary place of business in Houston, Texas." (ECF No. 1-2 at 4). RMP appears to adopt that language in its petition for removal, stating that BASE is a "Delaware limited liability company, headquartered in Houston, Texas." (ECF No. 1 at 3). Notably, BASE, as a plaintiff in state court, had no obligation to prove diversity of citizenship in its initial pleading.

**James C. Mahan**
**U.S. District Judge**

- 4 -

The same cannot be said for RMP, as it is the party that removed the case to federal district court. 28 U.S.C. § 1441.

Further, an LLC "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). In light of this rule, BASE's representation as an LLC in its state complaint should have put RMP on notice that further investigation regarding the citizenship of BASE's member would be necessary for removal.[1] (ECF No. 1 at 3).

While the pleadings alone suggest that removal was improper for lack of subject matter jurisdiction, this court will assess whether subject matter jurisdiction existed regardless, based on facts in the record.

### d. Plaintiff's Motion to Remand and Defendants' Opposition

Because plaintiff has challenged defendant's allegations of jurisdictional facts, RMP "must support [those jurisdictional facts] by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, *and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence*." *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Moreover, the Ninth Circuit indicated that a district court may revisit a jurisdictional question at a later time in the proceedings, suggesting that this review is particularly appropriate "if contrary information emerge[s] later." *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014) (citing *Medical Assurance Co. v. Hellman*, 610 F.3d 371, 376 (7th Cir. 2010)). "With one caveat, if the existence of jurisdiction turns on disputed factual issues, the district court may resolve those factual disputes itself." *Leite v. Crane Co.*, 749 F.3d 1117, 1121–22 (9th Cir.), *cert. denied*, 135 S. Ct. 361 (2014).

Here, plaintiff asserts in its motion to remand both that it is actually a citizen of New York and that this fact destroys diversity jurisdiction for all parties. (ECF No. 77 at 2). To avoid remand,

---

[1] The Ninth Circuit Court of Appeals has allowed plaintiffs asserting diversity jurisdiction to plead jurisdictional facts merely on information and belief when those facts are in the control of an opposing party. *See Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014). Among the ideas that the Ninth Circuit suggested was a "sensible principle" in that case was the Third Circuit's application of this standard to the jurisdictional facts alleged in a removal petition. *See id.* (discussing *Lewis v. Rego Co.* 757 F.2d 66, 68–69 (3d Cir. 1985)). However, it is not clear on the record of this case whether RMP had the ability to obtain information about the ownership and control structure of BASE at the time of its removal petition. Therefore, this standard's applicability to this case is unknown and is, accordingly, not utilized.

**James C. Mahan**
**U.S. District Judge**

- 5 -

RMP must satisfy its "burden of persuasion" that the parties' citizenship is diverse. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010).

RMP contends that it is a citizen of Nevada, asserting that "[a] corporation registered in another country, like RMP, is deemed a citizen of the state in the United States where it has its principal place of business." (ECF No. 82 at 8). RMP cites to *Danjaq, S.A. v. Pathe Communications Corp.*, 979 F.2d 772, 774 (9th Cir. 1992), in support of this argument. (ECF No. 82 at 8).

In *Danjaq*, the Ninth Circuit asserted as a generalized rule that a foreign corporation is a citizen of both its place of incorporation *and* the location of its principal place of business. *Danjaq*, 979 F.2d at 772. Further, "the bulk of corporate activity, as evidenced by the location of daily operating and management activities, governs the choice of a principal place of business." *Id.* at 776. Indeed, a corporation's principal place of business "is the actual center of direction, control, and coordination" for that entity. *Hertz Corp.*, 559 U.S. at 93.

Plaintiff does not dispute that RMP is an Australian entity. (ECF No. 77 at 7). Instead, it alleges that "Defendant RMP is a citizen of New York due to the location of its headquarters in New York." (ECF No. 77 at 4). Yet any indication regarding the location of RMP's headquarters is only relevant to the extent it helps indicate where controlling corporate operations are located. *See Hertz Corp.*, 559 U.S. at 93. Accordingly, this court turns towards new evidence regarding RMP's business activities.

Most relevantly, Ross Mollison, the Director of RMP and Spiegelworld LLC, submitted a sworn declaration that the court considers in resolving the present question. (ECF No. 82-2 at 2–3). This affidavit indicates that "RMP's rights in Absinthe are its sole asset and the production of Absinthe is the entirety of RMP's business operations" and RMP opened a permanent office in Las Vegas, Nevada. *Id.* at 2. These facts cut in favor of Nevada being RMP's principal place of business by indicating a shift of RMP corporate activity from New York to Nevada.

However, Mollison also indicates that: (1) "RMP delegated authority over certain aspects of its operations to Spiegelworld Management LLC[;]" (2) "Spiegelworld Management operated out of RMP's Las Vegas office and all of its officers resided in Las Vegas[;]" (3) Mollison spent about "a third of [his] time in Las Vegas[,]" and (4) "RMP's New York headquarters maintained a small team focused on creative development." (ECF No. 82-2 at 2). Points one and two introduce uncertainty as to how much of the relevant corporate activity done in the Las Vegas

James C. Mahan
U.S. District Judge

office was conducted by RMP personnel.  Point three indicates that, although Mollison spent a considerable amount of time in Las Vegas, that amount was not an overwhelming or majority portion.  Finally, point four neither indicates exactly what "creative development" entails nor provides a clear explanation of its role in contrast to RMP personnel in Las Vegas.

Finally, RMP's answer to BASE's complaint specifically denied that its principal place of business was in Nevada, stating that "[RMP] is an Australian business entity but denies any and all remaining allegations or inferences."  (ECF No. 1-9 at 3).

In light of BASE's challenge to RMP's alleged jurisdictional facts, the lack of clarity regarding the relative involvement of RMP's Las Vegas and New York operations, and RMP's prior denial that its principal place of business was Nevada, the court concludes that RMP has failed to support its jurisdictional facts by a preponderance of the evidence.

**IV.   Conclusion**

In sum, the court finds that the petition for removal did not sufficiently indicate the parties' citizenship for the purpose of invoking subject matter jurisdiction.  The court further holds that RMP failed to support its jurisdictional allegations by a preponderance of the evidence when challenged by plaintiff.  Therefore, the court has no jurisdiction over this case.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to remand (ECF No. 77), be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants' motion to dismiss plaintiff's amended complaint (ECF No. 55) and defendants' countermotion to vacate the addition of parties (ECF No. 82) be, and the same hereby are, are DENIED as moot.

DATED August 23, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**